# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

MAYCK ANTHONY BETANCOURT VIVAS,

    Petitioner,

  v.        Case No. 26-CV-419

DALE J. SCHMIDT,[1]

    Respondent.

# ORDER

   Mayck Anthony Betancourt Vivas is a citizen of Venezuela. He entered the United States in 2022, was apprehended by the Border Patrol, and released into the United States. He was then arrested by Immigration and Customs Enforcement (ICE) on February 25, 2026, and has been detained at the Dodge County Detention Facility ever since. He filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.

   The court applies the Rules Governing Section 2254 Cases to petitions under 28 U.S.C. § 2241. *See* Rule 1(b), Rules Governing Section 2254 Cases. Under Rule 4 of the Rules Governing Section 2254 Cases, the court must screen the petition. "If it

---

[1] The petitioner named various federal officials as respondents. The only proper respondent in a habeas petition is the petitioner's immediate custodian, which for the Dodge Detention Facility is the Dodge County Sheriff. *Rumsfeld v. Padilla*, 542 U.S. 426, 434-35 (2004); Rule 2(a), Rules Governing Section 2254 Cases.  The Clerk shall update the caption accordingly. The court acknowledges that the absence of a federal official as a party presents certain difficulties and impracticalities but finds itself limited by the clear authority limiting who may be named as a respondent in a habeas petition.

plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rule 4, Rules Governing Section 2254 Cases; *see also* Civ. L.R. 9(a)(2) (E.D. Wis.).

Having reviewed the petition, the court cannot say that it is subject to summary dismissal. Accordingly, the respondent shall answer the petition.

The petitioner, relying in part on 28 U.S.C. § 2243, seeks resolution on an expedited basis. However, the Rules Governing Section 2254 Cases supersede the deadlines set forth in 28 U.S.C. § 2243, and thus the court has wide discretion in setting a schedule for the resolution of the petition. *Brooks v. Pollard*, No. 13-C-0199, 2013 U.S. Dist. LEXIS 91269, at *6 (E.D. Wis. June 27, 2013).

Within seven days of this order the respondent shall show cause why the petition should not be granted. The petitioner shall respond within seven days thereafter. Absent further order of the court, the court will resolve the petition on the written submissions.

**IT IS THEREFORE ORDERED** that Dale J. Schmidt is substituted as the respondent. All other individuals and entities named by the petitioner are dismissed.

**IT IS FURTHER ORDERED** that the Clerk shall promptly serve the respondent.

**IT IS THEREFORE ORDERED** that within seven days of this order the respondent shall show cause why the petition should not be granted. The petitioner shall respond within seven days thereafter.

Dated at Green Bay, Wisconsin this 19th day of March, 2026.

*s/ Byron B. Conway*
BYRON B. CONWAY
U.S. District Judge