# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

MAYCK ANTHONY BETANCOURT VIVAS,

        Petitioner,

    v.                         **Case No. 26-CV-419**

DALE J. SCHMIDT,

        Respondent.

## DECISION AND ORDER

Mayck Anthony Betancourt Vivas is a citizen of Venezuela. He entered the United States in 2022, "encountered" the Border Patrol, and then was released into the United States. (ECF No. 1, ¶ 1.) Within one year of his arrival he filed an application for asylum. (ECF No. 1, ¶ 2.)

Immigration and Customs Enforcement (ICE) arrested Betancourt Vivas on February 25, 2026. "He was served with a form I-862, Notice to Appear before an immigration judge on March 11, 2026 where he is charged with having entered the United States without inspection, 8 U.S.C. § 1182(a)(6)(A)(i), and with not being in possession of valid travel documents, 8 U.S.C. § 1182(a)(7)(A)(i)(I)." (ECF No. 1, ¶ 4.) He has been detained at the Dodge County Detention Facility ever since. He filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, which the court screened and is now ready for resolution.

For decades, persons like Betancourt Vivas's who entered the United States without inspection but who had lived in the country for years before being detained by ICE were entitled to bond hearings. Last year, the Board of Immigration Appeals (BIA) reversed its longstanding practice and held that anyone who was never lawfully admitted to the United States is "an alien seeking admission" and therefore subject to mandatory detention under 8 U.S.C. § 1225(b)(2)(A). *See In re Yajure Hurtado*, 29 I&N Dec. 216 (BIA 2025).

Since that decision, the federal district courts have been flooded with petitions for writs of habeas corpus filed by aliens seeking bond hearings. The respondent acknowledges that Betancourt Vivas's petition and the arguments it presents are another in this category. Like the majority of district judges around the country to have addressed this issue, this court has concluded that the Board of Immigration Appeals' decision in *Hurtado* is contrary to the text of the statute. *Vela v. Schmidt*, No. 25-CV-2004, 2026 LX 12409 (E.D. Wis. Jan. 21, 2026); *Guerrero v. Schmidt*, No. 25-CV-1975, 2026 LX 89204 (E.D. Wis. Jan. 7, 2026); *Ramirez Valverde v. Olson*, No. 25-CV-1502, 2025 LX 498566 (E.D. Wis. Oct. 29, 2025).

The respondent urges this court to reverse course and notes that divided panels of the Fifth and Eighth Circuit Court of Appeals have accepted the BIA's view of the law. The court has reviewed those decisions, *Avila v. Bondi*, No. 25-3248, 2026 LX 118293 (8th Cir. Mar. 25, 2026); *Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026), and finds the majority opinions unpersuasive.

2

As this court has explained in its prior decisions, its conclusion is dictated by the text of the statute. The statute uses two distinct terms—"an alien seeking admission" and "applicant for admission." While a person like Betancourt Vivas is an "applicant for admission," *see* 8 U.S.C. §§ 1101(a)(13)(A), 1225(a)(1), at the crucial point of identifying who must be detained without even a hearing to argue for release Congress used the distinct and undefined term "an alien seeking admission," 8 U.S.C. § 1225(b)(2)(A)). The court cannot write off this significant change "as merely a sloppy synonym." *Guerrero v. Schmidt*, No. 25-CV-1975, 2026 U.S. Dist. LEXIS 2223, at *5 (E.D. Wis. Jan. 7, 2026). When Congress uses distinct terms, courts presume Congress intended distinct meanings. *Ramirez Valverde*, 2025 U.S. Dist. LEXIS 213128, at *6 (citing S*tatutory Interpretation in the Federal Courts* § 3.05[2][c]).

Accepting that "an alien seeking admission" means something other than an "applicant for admission," and Congress having not defined "an alien seeking admission," the court must determine whether the term encompasses persons like Betancourt Vivas.

> The term "an alien seeking admission" denotes the present tense and connotes an immediacy vis-à-vis the time of the alien's arrest. The most natural reading of the mandatory detention subsection, 8 U.S.C. § 1225(b)(2)(A), is that Congress intended it to apply only to the traditional scenario of an alien who presents himself for inspection and seeks admission and not the alien who, despite entering without inspection, has been present in the United States for years. The overall structure of section 1225 further suggests that Congress never intended the mandatory detention provision of 8 U.S.C. § 1225(b)(2)(A) to apply to persons like the petitioner who have been present in the United States for years before their arrests.

*Guerrero*, 2026 U.S. Dist. LEXIS 2223, at *6.

This reading of the statute is neither illogical nor inconsistent with Congress's intent in passing the Illegal Immigration Reform and Immigrant Responsibility Act of 1996. The distinction reflects merely the reality that persons who initially entered the United States without inspection often live in the country for years, establishing deep roots, before being detected. Such persons may be at little risk of non-appearance, and thus detention is unnecessary.

It is worth underscoring that "applicant for admission" who is not "an alien seeking admission" under 8 U.S.C. § 1225(b)(2)(A) is not necessarily entitled to release. Such "applicant for admission" is entitled only to an individualized bond hearing. Individualized determinations are the norm and had been the status quo for more than 30 years across five presidential administrations. *Guerrero*, 2026 U.S. Dist. LEXIS 2223, at *8.

Because Betancourt Vivas is not subject to 8 U.S.C. § 1225(b)(2)(A), it is unnecessary for the court to consider whether denying him a bond hearing would separately violate due process. But it is worth noting when the Supreme Court upheld the constitutionality of the mandatory detention of "alien[s] seeking admission" under 8 U.S.C. § 1225(b)(2)(A), the government explicitly and repeatedly assured the Court that persons like Betancourt Vivas would be entitled to individualized bond hearings. *See, e.g., Jennings v. Rodriguez*, 2017 WL 4517127 (U.S.), 10-12 (U.S. Oral. Arg., 2017) (oral argument of Malcolm L. Stewart, Deputy Solicitor General); 2016 WL 6996473 (U.S.), 7-8 (U.S. Oral. Arg., 2016) (oral argument of Ian H. Gershengorn, Acting Solicitor General).

Betancourt Vivas's continued detention without a bond hearing is in violation of the law of the United States. Accordingly, the court will grant the petition for a writ of habeas corpus and order the respondent to, within five business days, either afford the petitioner a bond hearing in accordance with 8 U.S.C. § 1226, and 8 C.F.R. § 1236.1 or release the petitioner.

**IT IS THEREFORE ORDERED** that Mayck Anthony Betancourt Vivas's petition for a writ of habeas corpus is granted. Within five business days of this order the respondents must either: (1) provide Betancourt Vivas with a bond hearing before an Immigration Judge, at which the government shall bear the burden of justifying, by clear and convincing evidence of dangerousness or flight risk, Betancourt Vivas's continued detention; or (2) release Betancourt Vivas from custody under reasonable conditions of supervision. The Clerk shall enter judgment accordingly.

Dated at Green Bay, Wisconsin this 6th day of April, 2026.

*s/ Byron B. Conway*
BYRON B. CONWAY
U.S. District Judge

5