**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF WISCONSIN**

---

**MAYCK ANTHONY BETANCOURT VIVAS,**

**Petitioner,**

**v.** **Case No. 26-CV-419**

**DALE J. SCHMIDT,**

**Respondent.**

---

# DECISION AND ORDER

---

The court on April 6, 2026, granted Mayck Anthony Betancourt Vivas's petition for a writ of habeas corpus, ordering the respondent to release him if he was not afforded a bond hearing within five days. Specifically, the court ordered:

> Within five business days of this order the respondents must either: (1) provide Betancourt Vivas with a bond hearing before an Immigration Judge, at which the government shall bear the burden of justifying, by clear and convincing evidence of dangerousness or flight risk, Betancourt Vivas's continued detention; or (2) release Betancourt Vivas from custody under reasonable conditions of supervision.

*Vivas v. Schmidt*, No. 26-CV-419, 2026 U.S. Dist. LEXIS 74528, at *5-6 (E.D. Wis. Apr. 6, 2026).

An immigration judge held a timely hearing and ordered the petitioner released on $1,500 bond. The Department of Homeland Security (DHS) appealed, and the Board of Immigration Appeals reversed and remanded. (ECF No. 12-1 at 24-25.)

On remand, the immigration judge on November 5, 2026, ordered the petitioner detained. (ECF No. 14-1.)

The petitioner seeks a temporary restraining order enjoining the immigration judge's order of detention. (ECF No. 14.) He argues that DHS has failed to comply with the court's order.

"A temporary restraining order … is an emergency remedy issued to maintain the status quo until a hearing can be held on an application for a preliminary injunction." *Abbott Labs. v. Andrx Pharm., Inc.*, No. 05 C 1490, 2005 U.S. Dist. LEXIS 12004, at *3 (N.D. Ill. May 20, 2005). It differs from a preliminary injunction in that it is resolved on an expedited basis, usually on the barest of facts, and often ex parte. Given these circumstances, it is short in duration—initially no more than 14 days. Fed. R. Civ. P. 65(b)(2). However, the legal standard for the issuance of a temporary restraining order is otherwise the same as that applicable to a preliminary injunction. *CWPMI, Inc. v. Lahey*, No. 2:25-CV-00308-GSL-AZ, 2025 U.S. Dist. LEXIS 139803, at *3 (N.D. Ind. July 22, 2025).

The court's assessment of whether to grant a preliminary injunction or a temporary restraining order proceeds in two phases. *See Valencia v. City of Springfield*, 883 F.3d 959, 965 (7th Cir. 2018). First is the threshold phase where the movant must show that "(1) it will suffer irreparable harm in the period before the resolution of its claim; (2) traditional legal remedies are inadequate; and (3) there is some likelihood of success on the merits of the claim." *HH-Indianapolis, LLC v. Consol. City of Indianapolis*, 889 F.3d 432, 437 (7th Cir. 2018). If the movant satisfies

all three elements in the first phase, the analysis proceeds to the balancing phase where "the court weighs the harm of denying an injunction to the movant against the harm of granting an injunction to the nonmovant. This is done using a sliding scale—the greater the movant's likelihood of success on the merits, the less the harms need be in its favor." *GrubHub Inc. v. Relish Labs LLC*, 80 F.4th 835, 844 (7th Cir. 2023).

Unlawful detention is an irreparable harm in that it is not remediable through compensatory damages. *See Alejandro v. Olson*, 817 F. Supp. 3d 672, 685 (S.D. Ind. 2025); *Okyem v. Noem*, No. 25-CV-2120, 2025 U.S. Dist. LEXIS 182895, at *8-9 (C.D. Ill. Apr. 21, 2025). Because his detention appears imminent, traditional legal remedies are inadequate to prevent the irreparable harm from occurring. The petitioner has also demonstrated some likelihood of success with respect to his argument that DHS improperly shifted the burden to him. Thus, the petitioner has met his threshold burden, and the court must balance the relative harms.

The court ordered that the respondent release the petitioner if DHS did not afford him a detention hearing in accordance with 8 U.S.C. § 1226 and 8 C.F.R. § 1236.1. The court did not bar the petitioner's detention.

The court ordered that a detention hearing must occur within five days. DHS afforded the petitioner a timely hearing. The court's order did not alter the ordinary means by which either party may obtain review of any bond decision. Thus, the fact that it was not until November 5, 2026, following remand, that the Immigration Judge ultimately ordered the petitioner detained is not inconsistent with the court's order.

The Immigration Judge's decision appears facially consistent with the court's order. Particularly significant to the Immigration Judge was an incident where the petitioner damaged his former roommate's car. (ECF No. 14-1 at 2-3.) The incident led to a deferred prosecution agreement. The case was dismissed after the petitioner fulfilled the terms of the agreement. That the Immigration Judge reassessed the weight to afford this incident in light of the Board's remand order does not render the detention decision improper.

The petitioner's challenge focuses on technical and procedural aspects of the Immigration Judge's decision including whether DHS had forfeited its opportunity to argue that this incident rendered the petitioner dangerous. While these arguments may prove successful, ultimately the petitioner is asking the court to grant extraordinary relief to bar DHS from detaining a person that an Immigration Judge has determined to be a danger to the community. Viewed in this light, the public interest does not favor this court intervening to upset the decision of the judge who had the opportunity to review the full record and consider all the arguments of the parties.

Moreover, the petitioner has not demonstrated that he has a strong likelihood of success on the merits. A threshold question is whether the present collateral proceedings are properly part of his underlying habeas petition as opposed to a separate action. Assuming the collateral matters are properly before the court, again, the Immigration Judge's decision appears facially consistent with the court's order. Although the petitioner has presented various arguments as to why the court should

be suspicious of the Immigration Judge's decision, proving the decision was anything other than a good faith application of the law to the facts faces significant hurdles.

Balancing all relevant considerations, including the fact that the court expects to be able to resolve the merits of the petitioner's challenge on an expedited basis, the court finds that balance tips against granting the petitioner's motion for a temporary restraining order.

**IT IS THEREFORE ORDERED** that Mayck Anthony Betancourt Vivas's motion for a Temporary Restraining Order (ECF No. 14) is **denied**.

**IT IS FURTHER ORDERED** that the respondent shall respond to Mayck Anthony Betancourt Vivas's motion (ECF No. 11) no later than **November 13, 2026**. Any reply shall be filed no later than **November 20, 2026**.

Dated at Green Bay, Wisconsin this 10th day of November, 2026.

*s/ Byron B. Conway*
BYRON B. CONWAY
U.S. District Judge